UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

NAPOLEON LAMARR COTTRELL,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF STATE
POLICE et al.,

        Defendants.
_____/

Case No. 1:22-cv-52

Honorable Jane M. Beckering

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous and for failure to state a claim. Additionally, the Court will deny Plaintiff's motion to compel evidence. (ECF No. 2.)

**Discussion**

I.    **Factual allegations**

Plaintiff is presently incarcerated at the Ingham County Jail in Mason, Ingham County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the Michigan Department of State Police and the United States Department of Education. (Compl., ECF No. 1, PageID.1.)

Although Plaintiff's writing in his complaint is legible, the words do not form coherent sentences or convey clear thoughts. Plaintiff first states that he "respectively submit[s] this complaint seeking damages against Scott Wriggelsworth, Sheriff of the Ingham County Jail. Wrongfully subjecting him to wildcat strike whiplash injury through Gene F. Turnwald blackmail praternity suit 'statutory' rape shield 'por Magna Charter Hamlet' mortmain mechanics lien." (*Id.* (original spelling and phrasing retained).) Plaintiff then states:

> Defendants Sixth Amendment right to competent counsel free from bias prooffer agreement "per" failure of consideration to Michigan Department of Corrections false imprisonment incarceration contrary to law . . . . Malicious criminal intent, unlawful arrest search and seizure vindicated I, Napoleon Lamarr Cottrell to homosexual harassment, jailhouse court libel, unregistered lodging classification through deputized officers . . . .

(*Id.* (original spelling and phrasing retained).)

Thereafter, under the heading, "Statement of Facts," Plaintiff alleges the following:

> I. On 8-20-2021 about July 31st 2021 Ingham County Jail incident report approximately 1730 hours. The Plaintiff, Napoleon Lamarr Cottrell [here-in-with] underwent a "raven frances-shacara aci" video visitation during the halfway point [thirty (30) minutes] of my I-Max Post 7 A1 hour rotation. Deputy K. Pendaruis mediated with I, Napoleon "Strawman" Cottrell to allow me the remaining time after my video visit to complete said [thirty (30) minutes] of hour rotation, which I utilized to stand bathing in shower water spout.
>
> II. During the ending moments of sermon-archduke [I] wifes video visitation the Post A wing erupted with inmates disrupting the functions of said facility. Resulting at the closing of first shift to lead unlawful solitary confinement,

2

> misappopiated justice causing a contrary to law improper sanction to be inflicted on I by failure of consideration through Lt. Jewell by Sgt. Gaytan.

(*Id.*, PageID.2 (alterations in original) (original spelling and phrasing retained).) As relief, Plaintiff seeks the following: "[u]ranium solar-powered fuel station[;] [r]enewable electric Department of Motor Vehicles antique collectors dealership[;] chief justice underwriter province[;] EBT quality of life insurance." (*Id.* (original phrasing retained).) Plaintiff also seeks "old world builders, Wright tree service, gestamp privilege, passive trust purchase Baldwin, MI residential re-entry program technical rule violation [TRV] in Cadillac County. Universal licensor." (*Id.* (alteration in original) (original spelling and phrasing retained).)

## II. Frivolity

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and "claims of infringement of a legal interest which clearly does not exist;" claims that lack an arguable or rational basis in fact describe "fantastic or delusional scenarios." *Neitzk*e, 490 U.S. at 327–28; *Lawler*, 898 F.2d at 1199. An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely. *Neitzk*e, 490 U.S. at 328.

In this case, the Court is unable to discern the allegations and claims contained in Plaintiff's complaint. Although the complaint itself is generally legible, the words often do not form coherent sentences, nor do they convey clear thoughts. Because the Court is unable to decipher Plaintiff's incoherent and rambling statements in the complaint, his complaint necessarily lacks an arguable basis either in law or fact. *See id.* at 325; *see also Parker v. Parker Int'l/Parker*

3

*Tobacco Co.*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990).  Even giving the most liberal construction to Plaintiff's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is unable to find that a cause of action has been alleged, much less a cause of action against either Defendant.  Therefore, the Court concludes that dismissal is warranted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  Moreover, for the reasons set forth below, the Court also concludes that Plaintiff fails to state any plausible claim for relief.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to

4

dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In this action, Plaintiff names the Michigan Department of State Police and the United States Department of Education as Defendants. (Compl., ECF No. 1, PageID.1.) However, Plaintiff fails to specifically name either Defendant in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff's claims fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, Plaintiff fails to state a plausible claim upon which relief may be granted against the named Defendants.

### IV.    Motion to compel evidence

In Plaintiff's motion to compel evidence, he states that he "moves this Honorable Court for a compel of all tangible as well as intangible evidence including, although not limited to Ingham County Jail Facility mounted cameras, law enforcement body worn cameras, medical-health records, inmate as well as administrative records, etc." (ECF No. 2, PageID.14 (original phrasing retained).) Plaintiff does not explain how his broad request for "tangible" and "intangible" evidence from the Ingham County Jail is related to the present action in which he names the Michigan Department of State Police and the United States Department of Education as Defendants. Accordingly, Plaintiff's motion to compel evidence (ECF No. 2) will be denied.

### Conclusion

Plaintiff's motion to compel evidence (ECF No. 2) will be denied. Furthermore, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed as frivolous and for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  February 14, 2022           /s/ Jane M. Beckering
                                                              Jane M. Beckering
                                                              United States District Judge